UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 2:22-cr-00067 |
| ) | |
| DEVEN MOFFITT ) | |

## JURY CHARGE

Members of the Jury:

Now that you have heard the evidence and the arguments, it is my duty to instruct you on the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them.

This case is a criminal prosecution brought by the United States of America against Defendant DEVEN MOFFITT. The indictment charges DEVEN MOFFITT with:

### Count One

On or about June 1, 2022, in the District of Vermont, the defendant, DEVEN MOFFITT, knowingly and intentionally possessed with intent to distribute fentanyl and cocaine, both Schedule II controlled substances.

### Count Two

On or about June 1, 2022, in the District of Vermont, the defendant DEVEN MOFFITT knowingly possessed firearms, specifically a .22 caliber High Standard Mfg. Corp. revolver and a 9mm Hi-Point pistol, in furtherance of the drug trafficking crime alleged in Count One, namely possession with intent to distribute fentanyl and cocaine.

### ROLE OF THE INDICTMENT

At this time, I would like to remind you of the function of an indictment. An indictment is merely a formal way to accuse a defendant of a crime before trial. An indictment is not evidence. An indictment does not create any presumption of guilt or permit an inference of guilt. It should not influence your verdict in any way other than to inform you of the charges against the defendant. The defendant has pleaded not guilty to

the counts in the indictment. You have been chosen and sworn as jurors in this case to determine the issues of fact that have been raised by the allegations in the indictment and the denial made by the not guilty plea of the defendant.

## ROLE OF THE COURT, THE JURY, AND COUNSEL

Your first duty is to consider and decide the factual issues of this case. You are the sole and exclusive judges of the facts. By the rulings which I made during the course of the trial, I did not intend to indicate to you or to express my own views about this case. You as jurors weigh the evidence, you determine the credibility or believability of the witnesses, you resolve any conflicts there may be in the evidence, and you draw any reasonable inferences or conclusions that you believe are justified by the facts as you find them. In a moment, I will define the word "evidence" and instruct you on how to assess it, including how to judge whether the witnesses have been honest and should be believed.

Your second duty is to apply the law that I give you to the facts. Do not single out one instruction alone, but consider the instructions as a whole. You should not be concerned with whether you agree with any instruction given by the court. You may have a different opinion as to what the law ought to be, but it would be a violation of your sworn duty as jurors to base your verdict on any version of the law other than what is contained in the instructions given by the court.

The lawyers may have referred to some of the governing rules of law in their argument. However, if you find any differences between the law as stated by the lawyers and the law as stated by me in these instructions, you must follow my instructions. It is the lawyers' job to point out the things that are most significant or most helpful to their side of the case. But remember that their statements regarding the law are not evidence in this case.

In addition, nothing I say in these instructions should be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts; rather, that job is yours alone. You must perform your duty as jurors with complete fairness and impartiality. All parties expect that you will

diligently examine all of the evidence, follow the law as it is now being given to you, and reach a just verdict regardless of the consequences.

## JURORS' EXPERIENCE OR SPECIALIZED KNOWLEDGE

Anything you have seen or heard outside the courtroom is not evidence, and must be disregarded entirely. It would be a violation of your oath as jurors to consider anything outside the courtroom in your deliberations. But in your consideration of the evidence, you do not leave behind your common sense and life experiences. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as you feel are justified in light of the evidence. However, if any juror has specialized knowledge, expertise, or information with regard to the facts and circumstances of this case, he or she may not rely upon it in deliberations or communicate it to other jurors.

## SYMPATHY, BIAS, PASSION, OR PREJUDICE

In arriving at a verdict, you must not permit yourselves to be influenced in the slightest degree by sympathy, bias, passion, or prejudice, or any other emotion in favor of or against either party. The law forbids you from being governed by mere sentiment, conjecture, sympathy, passion, or prejudice. You must not allow any of your personal feelings about the nature of the crime charged to interfere with your deliberations, or to influence the weight given to any of the evidence. You are to perform your duty in an attitude of complete fairness and impartiality.

## RACE, RELIGION, NATIONAL ORIGIN, SEX, OR AGE

You may not consider the race, religion, national origin, sex, sexual orientation, gender identity, or age of the defendant or any of the witnesses in your deliberations over the verdict or in the weight given to any evidence.

## EQUALITY BEFORE THE COURT

All parties, whether government or individuals, stand as equals before the court. The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a case. By the same token, it is entitled to no less consideration.

## MULTIPLE COUNTS

A separate crime or offense is charged in each of the counts of the indictment. Each charge against the defendant and the evidence pertaining to each charge should be considered separately unless the court instructs otherwise. You must return separate verdicts on each count in which the defendant is charged.

## REASONABLE DOUBT AND PRESUMPTION OF INNOCENCE

The government must prove the defendant guilty beyond a reasonable doubt. The question is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. A reasonable doubt is not a whim, speculation, or suspicion. However, a reasonable doubt may arise from the evidence, conflicts in the evidence, or a lack of evidence. It is not an excuse to avoid the performance of an unpleasant duty, and it is not sympathy. If you have a reasonable doubt, you must find the defendant not guilty even if you think that the charge is probably true.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require the government to prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to a defendant, which means that it is always the government's burden to prove each element of the crime charged beyond a reasonable doubt. The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. A defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

The law presumes the defendant is innocent of the charges against him. The presumption of innocence is a piece of evidence that lasts throughout the trial and during your deliberations. The presumption of innocence ends only if you, the jury, find beyond a reasonable doubt that the defendant is guilty. Should the government fail to prove the guilt of the defendant beyond a reasonable doubt, you must find the defendant not guilty.

If, after a fair and impartial consideration of all the evidence against the defendant, you have a reasonable doubt, then it is your duty to find the defendant not guilty. On the other hand, if, after a fair and impartial consideration of all the evidence, you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict.

## EVIDENCE

You have seen and heard the evidence produced in this trial, and it is the sole province of the jury to determine the facts of this case. The evidence consists of the sworn testimony of the witnesses, any exhibits that have been admitted into evidence, and all the facts that have been admitted or stipulated. I would now like to call your attention to certain guidelines by which you are to evaluate the evidence.

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. For example, if you were to see cow tracks in a pasture, that would be circumstantial evidence that there are or were cows in the pasture.

Circumstantial evidence is of no less value than direct evidence. Circumstantial evidence alone may be sufficient evidence of guilt.

You should weigh all the evidence in the case. Your verdict must be based solely on the evidence introduced at trial, or the lack thereof. After weighing all the evidence, if you are not convinced of the defendant's guilt beyond a reasonable doubt, then you must find him not guilty.

## EVIDENCE OBTAINED BY SEARCH

You have heard testimony about evidence seized in connection with certain searches conducted by law enforcement officers. Searches are appropriate law

5

enforcement actions. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proven the defendant's guilt beyond a reasonable doubt. You and you alone, however, decide the weight, if any, to give the evidence.

## STIPULATIONS OF FACT

A stipulation is an agreement among the parties that a certain fact is true. You may regard such agreed facts as true, however, I again remind you that you are the sole judges of the facts.

## STRICKEN TESTIMONY, ATTORNEYS' STATEMENTS AND OBJECTIONS, AND THE COURT'S RULINGS

I caution you that you should entirely disregard any testimony or exhibit that has been excluded or stricken from the record. Likewise, the arguments of the attorneys and the questions asked by the attorneys are not evidence in the case. The attorneys have a duty to object to evidence they believe is not admissible. You must not hold it against either side if an attorney made an objection.

## CREDIBILITY OF WITNESSES

You, as jurors, are the sole judges of the credibility of the witnesses and the weight of their testimony. You do not have to accept all the evidence presented in this case as true or accurate. Instead, it is your job to determine the credibility or believability of each witness. You do not have to give the same weight to the testimony of each witness, because you may accept or reject the testimony of any witness, in whole or in part. In weighing the testimony of the witnesses you have heard, you should consider: their interest, if any, in the outcome of the case; their manner of testifying; their candor; their bias, if any; their resentment or anger, if any, toward the defendant; the extent to which other evidence in the case supports or contradicts their testimony; and the reasonableness of their testimony. You may believe as much or as little of the testimony

of each witness as you think proper. You may accept all of it, some of it, or reject it altogether.

The weight of the evidence is not determined by the number of witnesses testifying. You may find the testimony of a small number of witnesses or a single witness about a fact more credible than the different testimony of a larger number of witnesses. The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses or the most evidence. Remember, a defendant in a criminal prosecution has no obligation to present any evidence or call any witnesses.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons may hear or see things differently, or may have a different point of view regarding various occurrences. It is for you to weigh the effect of any discrepancies in testimony, considering whether they pertain to matters of importance or unimportant details, and whether a discrepancy results from innocent error or intentional falsehood. You should attempt to resolve inconsistencies if you can, but you also are free to believe or disbelieve any part of the testimony of any witness as you see fit.

## INTEREST IN THE OUTCOME

As a general matter, in evaluating the credibility of each witness, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest may create a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering has an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it only with great care.

This is not to suggest that any witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

## EXPERT WITNESSES

You have heard evidence from witnesses who are known as expert witnesses. An expert witness is a person who has special knowledge, experience, training, or education in his or her profession or area of study. Because of this expertise, an expert witness may offer an opinion about one or more of the issues in the case.

In evaluating an expert witness's testimony, you should evaluate his or her credibility and statements just as you would with any other witness. You should also evaluate whether the expert witness's opinion is supported by the facts that have been proven, and whether the opinion is supported by the witness's knowledge, experience, training, or education. You are not required to give the testimony of an expert witness any greater weight than you believe it deserves just because the witness has been referred to as an expert.

## LAW ENFORCEMENT WITNESSES

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal, state, or local government as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is proper for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

## PRIOR INCONSISTENT STATEMENTS OF A WITNESS

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts

with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

It is your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent and, if so, how much weight, if any, to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## DEFENDANT NOT TESTIFYING

You may have observed that the defendant did not testify in this case. A defendant has a constitutional right not to do so. He does not have to testify, and the government may not call him as a witness. A defendant's decision not to testify raises no presumption of guilt and does not permit you to draw any unfavorable inference.

Therefore, in determining whether the defendant is guilty or not guilty of the crime charged, you are not to consider, in any manner, the fact that he did not testify. Do not even discuss it in your deliberations.

## OTHER ACTS

You are only to determine whether the defendant is guilty or not guilty of the crimes charged in the indictment. Your determination must be made only from the evidence admitted by the court in this case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about other acts, only as they relate to the charges against the defendant.

## INSTRUCTIONS ON THE SUBSTANTIVE LAW OF THE CASE

Having explained the general guidelines by which you will evaluate the evidence in this case, I will now instruct you with regard to the law that is applicable to your determinations in this case.

It is your duty as jurors to follow the law as stated to you in these instructions and to apply the rules of law to the facts that you find from the evidence. You will not be faithful to your oath as jurors if you find a verdict that is contrary to the law that I give to you.

However, it is the sole province of the jury to determine the facts in this case. I do not, by any instructions given to you, intend to persuade you in any way as to any question of fact.

The parties in this case have a right to expect that you will carefully and impartially consider all the evidence in the case, that you will follow the law as I state it to you, and that you will reach a just verdict.

## "ON OR ABOUT" EXPLAINED

The indictment charges that the offenses were committed "on or about" a certain date. Although it is necessary for the government to prove beyond a reasonable doubt that each offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

## THE INDICTMENT AND THE STATUTE - COUNT ONE

The first count of the indictment charges the defendant with possession of controlled substances with intent to distribute. The statute under which Count One is brought, Title 21, United States Code, section 841(a)(1), provides in pertinent part that:

> It shall be unlawful for any person knowingly or intentionally to . . . possess with intent to . . . distribute . . . a controlled substance.

## THE ESSENTIAL ELEMENTS FOR COUNT ONE: POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES

The indictment charges that on or about June 1, 2022, in the District of Vermont, the defendant DEVEN MOFFITT knowingly and intentionally possessed with intent to distribute fentanyl and cocaine, both schedule II controlled substances under federal law.

In order to convict the defendant of the charge of possession with intent to distribute controlled substances in violation of § 841(a)(1), as charged in Count One of the indictment, the government is required to prove beyond a reasonable doubt the following three elements:

1. that on or about June 1, 2022, defendant DEVEN MOFFITT possessed one or more of the controlled substances as charged in the indictment;

2. that defendant DEVEN MOFFITT knowingly and intentionally possessed the controlled substances; and
3. that defendant DEVEN MOFFITT possessed one or more controlled substances with the intent to distribute them.

I instruct you as a matter of law that fentanyl and cocaine are schedule II controlled substances.

### ELEMENT ONE: POSSESSION OF CONTROLLED SUBSTANCES

The first element requires that the government prove beyond a reasonable doubt that the defendant "possessed" one or more of the controlled substances fentanyl and cocaine. In order for the defendant to be guilty of possessing a controlled substance, the government does not have to prove that he possessed both controlled substances. It is sufficient if the government proves he possessed at least one of the controlled substances.

The word "possess" means to own or to exert control over something. The law recognizes two kinds of "possession" - actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. For example, a person wearing a wristwatch or carrying keys in his or her pocket has actual possession of these objects.

However, a person need not have actual physical control over an object in order to be in legal possession of it. A person who, although not in actual possession, knowingly has dominion and control over the place where a thing is located and has the ability and intention to exercise control over that thing may be in constructive possession of it.

The law recognizes that "possession" may be sole or joint. If one person alone has actual or constructive possession, then possession is sole. However, it is possible that more than one person may have the power and intent to exercise control over something. If two or more persons share actual or constructive possession of controlled substances, then possession is joint. If you find that the defendant had such power and intent, then you may find that he possessed the controlled substances under this element even if he possessed the controlled substances jointly with another.

Possession of controlled substances cannot be found solely on the basis that the

defendant was near or close to the controlled substances. Nor can it be found simply because he was present at a scene where controlled substances were involved, or solely because he associated with a person who did control the controlled substances or the location where they were found. However, these factors may be considered by you, in connection with all other evidence, in making your decision about whether the defendant possessed the controlled substances as alleged in this case.

You may find that the element of "possession" as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession of the controlled substances, either alone or jointly with others.

### ELEMENT TWO: KNOWING AND INTENTIONAL POSSESSION OF CONTROLLED SUBSTANCES

The second element that the government must prove beyond a reasonable doubt is that the defendant knowingly and intentionally possessed controlled substances, which in this case were fentanyl and cocaine.

To establish this element, the government must prove that the defendant knew that he possessed one or both of these controlled substances, and that his possession was not due to ignorance, mistake, accident, or carelessness. If you find that the defendant did not know that he had a controlled substance in his possession, then you must find the defendant not guilty.

Although the government must prove that the defendant knew that he possessed a controlled substance, the government does not have to prove that, at the time of possession, the defendant knew the exact nature of the controlled substance or substances in his possession. It is enough that the government proves that the defendant knew that he possessed a controlled substance which the government has proven beyond a reasonable doubt through subsequent testing and analysis were cocaine and fentanyl.

### ELEMENT THREE: INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES

The third element that the government must prove beyond a reasonable doubt is that the defendant had control over one or more of the controlled substances with the state of mind or purpose to transfer them to another person. Since none of us can read

another's mind, you may make inferences from his behavior. However, you may not convict the defendant unless these inferences convince you beyond a reasonable doubt that the defendant intended to distribute the controlled substances.

In order to find the defendant guilty of Count One, you must find that he intended to distribute one or both of the controlled substances. This does not mean that you must find that the defendant intended to distribute or deliver the drugs in person. It is sufficient if you find that the defendant intended to cause or assist in the distribution of the controlled substances.

If you find that the government has proven beyond a reasonable doubt each of the essential elements of Count One, you must find the defendant guilty of Count One and enter your verdict on the verdict form. If you find that the government has not proven the defendant guilty beyond a reasonable doubt on Count One, you must enter a not guilty verdict. At this point, your deliberations will be concluded and you must not consider Count Two.

## "DISTRIBUTION" DEFINED

Count One alleges the defendant knowingly and intentionally possessed controlled substances with the intent "to distribute." The term "to distribute," in this context, and as used in these instructions, means to deliver a controlled substance.

"Deliver" means the actual, constructive, or attempted transfer of controlled substances. Simply stated, the words "distribute" and "deliver" mean to pass on, or to hand over to another, or to cause to be passed on or handed over to another, or to try to pass on or hand over to another, controlled substances.

Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as negotiating for or receiving the price and supplying or delivering the controlled substances may constitute distribution. In short, distribution requires a concrete involvement in the transfer of the controlled substances.

## INSTRUCTION REGARDING WHETHER TO PROCEED TO COUNT TWO

Under Count Two, the defendant is charged with possessing a firearm in furtherance of the drug trafficking crime that is charged in Count One. If upon review of

13

all the evidence you find that the government has failed to prove Count One beyond a reasonable doubt, then you will proceed no further.

Count Two is to be considered only if you first find that the defendant is guilty under Count One as charged. In reaching your verdict on Count Two, you may consider the evidence of Count One only for the purpose of determining whether the elements of Count Two have been satisfied.

## THE INDICTMENT AND THE STATUTE - COUNT TWO

Count Two of the indictment charges the defendant with possessing a firearm in furtherance of a drug trafficking crime. The statute under which Count Two is brought, Title 18, United States Code, section 924(c)(1)(A), provides in pertinent part that it is unlawful for:

> any person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm[.]

## THE ESSENTIAL ELEMENTS FOR COUNT TWO: UNLAWFUL POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME

In order to convict the defendant of the charge of unlawful possession of a firearm in furtherance of a drug trafficking crime in violation of § 924(c)(1)(A), as charged in Count Two of the indictment, the government is required to prove beyond a reasonable doubt the following two elements:

1. defendant DEVEN MOFFITT committed a drug trafficking crime for which he might be prosecuted in a court of the United States, and

2. defendant DEVEN MOFFITT knowingly possessed one or both of the firearms described in the indictment in furtherance of the drug trafficking crime charged in Count One.

## ELEMENT ONE: COMMISSION OF THE PREDICATE CRIME

The first element the government must prove beyond a reasonable doubt is that the defendant committed a drug trafficking crime for which he might be prosecuted in a court of the United States.

The defendant is charged in Count One of the indictment with committing the crime of possession of controlled substances with intent to distribute. I instruct you that possession of controlled substances with intent to distribute is a drug trafficking crime. However, it is for you to determine that the government has proven beyond a reasonable doubt that the defendant committed the crime of possession of controlled substances with intent to distribute as charged.

## ELEMENT TWO: KNOWING POSSESSION OF A FIREARM IN FURTHERANCE OF THE COMMISSION OF THE PREDICATE CRIME

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly possessed one or both of the firearms described in the indictment in furtherance of the commission of the crime charged in Count One.

A "firearm" is any weapon that will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

To prove that the defendant possessed the firearm in furtherance of the crime, the government must prove that the defendant had possession of the firearm and that such possession was in furtherance of that crime. Possession means that the defendant either had physical possession of the firearm on his person or that he had dominion and control over the place where the firearm was located and had the power and intention to exercise control over the firearm. To possess a firearm in furtherance of the crime means that the firearm helped forward, advance, or promote the commission of the crime. The mere possession of the firearm at the scene of the crime is not sufficient. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

To satisfy this element, you must also find that the defendant possessed one or both of the firearms described in the indictment knowingly. This means that he possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that he knew that the weapon was a firearm, as we commonly use the word. However, the government is not required to prove that the defendant knew he was breaking the law.

## UNANIMITY OF THEORY

Count Two of the indictment alleges the defendant knowingly possessed firearms, specifically a .22 caliber High Standard Mfg. Corp. revolver and a 9mm Hi-Point pistol in furtherance of the drug trafficking crime alleged in Count One. The government does not have to prove the defendant possessed both of these firearms for you to return a guilty verdict on Count Two. Proof beyond a reasonable doubt on one firearm is enough. But in order to return a guilty verdict, all of you must agree that the same firearm was possessed. Thus, all of you must agree beyond a reasonable doubt that the defendant, in furtherance of the drug trafficking crime charged in Count One, knowingly possessed the .22 caliber High Standard Mfg. Corp. revolver, or you must agree beyond a reasonable doubt that the defendant knowingly possessed the 9mm Hi-Point pistol, or both.

If you find that the government has proven beyond a reasonable doubt each of the essential elements of Count Two, you must find the defendant guilty of Count Two and enter your verdict on the verdict form. If you find that the government has not proven the defendant guilty beyond a reasonable doubt on Count Two, you must enter a not guilty verdict on Count Two.

## UNANIMOUS VERDICT REQUIRED

To return a verdict, it is necessary that every juror agree to the verdict. In other words, your verdict must be unanimous regarding each essential element of the crime charged.

## JUROR NOTE-TAKING

During this trial, you have been provided with pen and paper, and some of you have taken notes. As I explained at the beginning of the trial, all jurors should be given equal attention during the deliberations regardless of whether they have taken notes. Any notes you have taken may only be used to refresh your memory during deliberations. You may not use your notes as authority to persuade your fellow jurors as to what a witness did or did not say. In your deliberations you must rely upon your collective memory of the evidence in deciding the facts of the case. If there is any difference between your

memory of the evidence and your notes, you may ask that the record of the proceedings be read back. If a difference still exists, the record must prevail over your notes.

## **RECOLLECTION OF EVIDENCE**

Let me remind you that in deliberating upon your verdict, you are to rely solely and entirely upon your own memory of the testimony.

If, during your deliberations, you are unable to recall with any degree of accuracy a particular part of the testimony, or a part of these instructions, you may do the following:

    (1)    Write out your question, and have the foreperson sign it;

    (2)    Knock on the door of the jury room; and

    (3)    Deliver your note to the Court Officer to give to me.

After the attorneys have been consulted, and the record has been reviewed, I will decide what action to take, and I will tell you my ruling.

## **CONCLUSION**

I caution you, members of the jury, that you are here to determine whether the defendant before you today is not guilty or guilty solely from the evidence in this case. I remind you that the mere fact that a defendant has been indicted is not evidence against him. Also, a defendant is not on trial for any act or conduct or offense not alleged in the indictment. Nor are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a defendant in this case.

You should not consider the consequences of a guilty or not guilty determination. The punishment provided by law for the offense charged in the indictment is a matter exclusively within the responsibility of the judge and should never be considered by the jury in any way in arriving at an impartial verdict.

It is your duty as jurors to consult with one another and to deliberate. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. Do not hesitate to re-examine your own views and change your opinion if you think that you were wrong. Do not, however,

surrender your honest convictions about the case solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Upon retiring to the jury room, your foreperson will preside over your deliberations and will be your spokesperson here in court. If a vote is to be taken, your foreperson will ensure that it is done. A verdict form has been prepared for your conclusions. If the verdict form varies in any way from the instructions provided within this jury charge, I instruct you that you are to follow the instructions provided within this jury charge.

After you have reached an agreement, the foreperson will record a verdict of guilty or not guilty. Your foreperson will then sign and date the verdict form and you will return to the courtroom. In all other respects, a foreperson is the same as any other juror. His or her vote does not count more than any other member of the jury.

If, during your deliberations, you should desire to communicate with the court, please put your message or question in writing signed by the foreperson, and pass the note to the Court Officer, who will bring it to my attention. I will then confer with the attorneys and I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time. You should also never communicate the subject matter of your note or your deliberations to any member of the court's staff.

I appoint _____ as your foreperson.

Dated at Burlington, in the District of Vermont, this 16th day of May, 2024.

Christina Reiss, District Judge
United States District Court